STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Brian Hehir   }
}
}   Docket No. 130-6-00 Vtec
}
}

Decision and Order on Appellant's Motion for Summary Judgment

Appellant appealed from a decision of the then-Zoning Board of Adjustment (ZBA) of the City of Burlington granting conditional use approval to Appellee-Applicant Four Star Delivery Service, Inc. Appellant is an attorney who represents himself; Appellee-Applicant is represented by Alan A. Bjerke, Esq.; the City is represented by Kimberlee J. Sturtevant, Esq. Appellant has moved for partial summary judgment on the first two questions of the Statement of Questions: 1) whether the prior nonconforming use was discontinued for a period of one year before Appellee-Applicant commenced its non-conforming use at that location; and 2) whether any nonconforming use, including Appellee-Applicant's, may be lawfully re-established at that location.

The following facts are undisputed unless otherwise noted. Prior to May 18, 1992, 203 North Winooski Avenue had been vacant for approximately eight years. It is located in the Residential-Medium Density zoning district, in which a retail business is neither a permitted nor a conditional use. On May 18, 1992, the former occupant received a conditional use permit to operate a retail business selling sports cards and comic books in the building. Neither the permit, the ZBA minutes, nor the application for that permit has been supplied by the parties in connection with their motion memoranda. No appeal was taken, and the permit became final, regardless of whether it properly should have been granted. Approximately one year later, that business vacated the building.

Shortly after the former business vacated the building in 1993, Appellee-Applicant moved its business in to the building and has operated there since that time. However, Appellee-Applicant neither applied for nor received any zoning permits at that time, or for approximately seven years from commencing to operate the business at that location.

At some time in the year 2000, in response to some type of notification of violation, Appellee-Applicant applied for the present conditional use permit to establish a "restaurant order taking center business." That application has not been supplied by the parties in connection with their motion memoranda; nor have the parties established the use classification of Appellee-Applicant's business under the Zoning Ordinance. The ZBA approved the application as a change or modification to a non-conforming use, for which conditional use approval is required under §§ 20.1.5 and 20.1.6 and Article 17 of the Zoning Ordinance, on May 22, 2000, and Appellant brought this appeal.

Section 5.1.8 requires that any modifications to a preexisting non-conforming use requires conditional use approval, and that any change to a different use requires an additional finding by the ZBA that the new use " is less harmful or detrimental to the neighborhood than the existing use" referring to § 20.1.6.

Appellant argues that the prior use was discontinued approximately seven years before Appellee-Applicant applied for the present permit, and that therefore the discontinuance provisions of § 20.1.6(d) do not allow its resumption. However, § 20.1.6(d) addresses the discontinuance of a use, not the status of a use as holding a proper permit or not. Accordingly, summary judgment is granted in favor of Appellee-Applicant on Question 1 of the Statement of Questions: the prior business was discontinued for less than one year at the time that Appellee-Applicant commenced its business at that location. Whether Appellee-Applicant qualifies for the required permits is a separate question which will be the subject of the hearing on the merits of this appeal.

Appellee-Applicant argues for an even more expansive reading of § 20.1.6(d): that if any nonconforming use is established in the building within the § 20.1.6(d) period, then its status as a pre-existing, nonconforming use may continue. But § 20.1.6(d) must be read together with the principle that non-conforming uses are intended to be phased out over time. It must also be read together with the other sections of the ordinance allowing a change in use under certain circumstances.

A non-conforming use may continue, may be changed to an allowed use, may be discontinued, or may be changed to a different non-conforming use. If a non-conforming use is discontinued, it may be re-established within a year under § 20.1.6(d) without losing its grandfathered status. Thus a new restaurant may be reopened in the place of a pre-existing restaurant, or a new retail store in the place of a pre-existing retail store, under this section (and § 20.1.6(f) allowing an extension of time). However, if the non-conforming use is changed in any way, including as to its hours of operation or extent of use, or if it is changed to a different non-conforming use, the provisions of § 5.1.8 also come into play.

Material facts are in dispute, or at least have not been established on summary judgment, as to the classification of Appellee-Applicant' s business. Even if it is classified as a retail establishment, it requires conditional use approval under § § 5.1.8 and 20.1.5, if its hours of operation, numbers of employees, parking requirements, traffic generation or other characteristics have changed at all from the prior use. If Appellee-Applicant' s business is classified as a different kind of use, then it may require a determination by the Administrative Officer under § 5.1.6 as to whether the use is " substantially equivalent in use, nature and impact" to any of the listed permitted or conditional uses allowed in any district. If Appellee-Applicant' s business is classified as a different kind of use, it will in any event require a determination under § 5.1.8 that it is " less harmful or detrimental[1] to the neighborhood" than was the prior use, as well as requiring conditional use approval under § § 5.1.8(first sentence) and 20.1.5. Material facts are in dispute as well as to its operating characteristics as compared to the prior use, and as to whether it is less harmful or detrimental.

Accordingly, based on the foregoing, Summary Judgment is GRANTED in favor of Appellee-Applicant on Question 1 of the Statement of Questions and is DENIED on Question 2 of the

Statement of Questions as material facts are in dispute. The hearing scheduled for this Thursday, April 19, 2001, will proceed on all remaining disputed issues.

Done at Barre, Vermont, this 16th day of April, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

[1.] The standard is a finding that it is less harmful or detrimental, rather then that it is no more harmful or detrimental. Compare, In Re Reclassification of Ranch Brook, 146 Vt. 602, 604-05 (1986)